# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| EXPERIENCE BASED LEARNING, INC., ) | No. 17 CV 05133 |
| ) | |
| *Plaintiff*, ) | Magistrate Judge Iain D. Johnston |
| ) | District Judge Rebecca R. Pallmeyer |
| v. ) | |
| ) | |
| THE HANOVER INSURANCE COMPANY, ) | |
| ET AL. ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a motion to modify by defendant Hibbs-Hallmark & Company and Robert Monaghan and a motion to quash by plaintiff Experience Based Learning. Dkts. 80, 81. For the following reasons, the defendants' motion to modify [80] is denied, and the plaintiff's motion to quash [81] is granted. A telephonic status is set for July 11, 2019 at 9:00 a.m. By July 8, 2019, counsel shall provide direct dial telephone numbers to the Court's operations specialist, who will initiate the call.

## BACKGROUND

Plaintiff alleged that former defendant Hanover Insurance Company breached the parties' insurance contract by failing to honor a claim for damage to plaintiff's trees caused by a beetle infestation; alternatively, plaintiff alleged breach of contract and professional negligence against its insurance agents, defendants Hibbs-Hallmark & Company and Robert Monaghan, for failing to obtain insurance coverage that would have covered the tree damage. Dkts. 44, 45.

At the April 10, 2018 status hearing, the Court directed the parties to file a joint proposed case management order. As it does in every civil case, the Court provided the parties with a plethora of warnings about the failure to meet deadlines. For example, in the proposed case management order, which was signed by defendant's counsel, the parties are warned of the following:

> **These dates will not be amended absent a showing of good cause. The parties understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date, and a party's failure to do so runs the risk that the motion will be denied.**

Dkt. 47 at 3 (emphasis in original). Further, the Court told the parties to propose reasonable deadlines to allow themselves enough time to complete all fact discovery. Additionally, the Court advised that if the parties had difficulty resolving discovery disputes, they should file a

motion as soon as possible so the Court could keep them on track to meet the discovery deadlines. After reviewing the parties' proposed case management order, the Court adopted the very deadlines the parties had proposed: 26(a)(1) disclosures to be exchanged by May 18, 2018, amended pleadings by October 19, 2018, fact discovery completed by March 14, 2019, and expert and dispositive motion deadlines reserved. Dkt. 49.

The parties later exchanged 26(a)(1) disclosures on May 18, 2018. As part of its disclosures, plaintiff identified Hannover claims adjusters Michael Duggan and Jason Marrero as possible witnesses with discoverable information. Dkt. 85 Ex. A at 2. Defendants disclosed Michael Duggan, Jason Marrero, and Hanover insurance underwriter Valarie Garren as witnesses with possible discoverable information. *Id.* Ex. B at 2. On November 15, 2018, plaintiff dismissed Hanover from this suit by stipulation, leaving Hibbs-Hallmark & Company and Robert Monaghan as the remaining defendants. Dkts. 60, 61.

On January 25, 2019, plaintiff moved for leave to file its Third Amended Complaint, which dropped all claims against former defendant Hanover and kept the breach of contract and professional negligence claims against remaining defendants Hibbs-Hallmark and Monaghan. Dkt. 71. The Court granted the motion at a hearing on January 31, 2019.[1] Dkts. 67, 72. Defendants' counsel also indicated at the hearing that she wished to depose three witnesses located in California and that she foresaw no issues with meeting the impending fact discovery cutoff date of March 14, 2019. Defendants' counsel made no mention of any desire to depose any witnesses identified as Hanover employees. The parties deposed plaintiff's principal Steve Gustafson on February 25, 2019 and completed the three California depositions by March 1, 2019. Dkt. 85 at 4. The March 14 fact discovery deadline passed with neither party seeking to extend the deadline.

Thereafter, during a telephonic status hearing on March 21, 2019, defendants indicated for the first time that they wished to depose two additional out-of-state fact witnesses and now former employees of Hanover:[2] specifically, a claims adjuster and an underwriter who worked for Hanover on the insurance claim at issue in this case. Defendants claimed that these depositions became necessary after information came to light during Gustafson's deposition on February 25, 2019, and that they would need 45 days to complete these depositions. The Court asked defense counsel why Gustafson was not deposed until two weeks before the end of fact discovery. Defense counsel replied that scheduling issues and settlement negotiations delayed Gustafson's deposition. Plaintiff objected to the oral request for an extension, and the Court directed defendants to file a written motion to seek leave to take the two depositions.[3]

---

[1] At the hearing, defense counsel indicated she did not object to the motion.
[2] Apparently, the underwriter and claims adjusters have stopped working for Hanover. Dkt. 83 at 1.
[3] The Court notes that it is unclear whether defendants seek leave to take two (the underwriter and one claims adjuster) or three (the underwriter and two claims adjusters) depositions. Defendants indicated their desire to depose two Hanover witnesses at the March 21 status hearing, and the instant motion seeks leave to depose only two additional fact witnesses. Dkt. 85 at 1. But in the argument section of defendants' brief, they mention their "wish to depose one or both of the [Hanover] claims professionals" who denied plaintiff's insurance claim. *Id*. at 4. Additionally, defendants served subpoenas to three, not two, Hanover witnesses in anticipation of the Court granting their motion to modify. Dkt. 81 Ex. A. Regardless, because the Court denies defendants' motion to modify, it need not address this issue.

Defendants filed the instant motion to modify on March 28, 2019, seeking 30 days to complete the depositions. Dkt. 81.

Two weeks later, plaintiff filed a motion to quash. Dkt. 81. According to the motion, defendants had served subpoenas[4] to both Hanover claims adjusters and the underwriter before plaintiff responded to defendants' motion to modify the deadline to take those depositions.[5] *Id*. at 2. Thus, plaintiff asks the Court to quash the subpoenas because they seek discovery after the fact discovery deadline in violation of Local Rule 16.1(4).

## ANALYSIS

The parties focus their briefs analyzing whether an extension is warranted under Fed. R. Civ. P. 6(b)(1)(B).[6] However, for the reasons discussed below, the motion to modify is properly analyzed under Rule 16(b)(4)'s "good cause" standard. Because the Court would deny the motion to modify under either standard, the Court will address both.

**I. Rule 6**

Generally, where a party seeks to extend a discovery deadline *after* it expires, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *McCann v. Cullinan*, 11 CV 50125, 2015 LEXIS 91362, at *20–21 (N.D. Ill. July 14, 2015); *Naud v. City of Rockford*, 9 CV 50074, 2013 U.S. Dist. LEXIS 116078, at *13 (N.D. Ill. Aug. 16, 2013). The movant bears the burden to prove excusable neglect. *McCann*, 2015 U.S. Dist. LEXIS 91362, at *20–21 (internal citations omitted). To determine whether excusable neglect exists under Rule 6, courts weigh the factors identified by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380 (1993). *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006). These factors include (1) danger of prejudice to the nonmovant, (2) length of delay and its impact on the judicial proceedings, (3) the reason for the delay, and (4) the movant's good faith. *Id*. at 605. Courts also consider whether a movant was previously dilatory. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593–94 (7th Cir. 2012).

*a. Danger of Prejudice to Nonmovant*

---

[4] Plaintiff attached copies of the subpoenas to the motion. Dkt. 81 Ex. A.
[5] Defendants explain in their response that they served these subpoenas in the event the Court granted their motion "to make sure the potential deponents were at least served with subpoenas as of the date of this court's anticipated ruling." Dkt. 83 at 1.
[6] Although the parties' focus on Rule 6 implies they agree that Rule 6 controls, the Court notes that parties may stipulate to which set of laws will apply, but they may not stipulate to the meaning or scope of the law which applies. *See Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1190 (7th Cir. 1985) ("Illinois law, as well as Wisconsin law, recognizes the enforceability of choice of law clauses in contracts, and is similarly silent on the issue of the effectiveness of choice of law stipulations by litigants. These choice of law stipulations must be distinguished from the clearly invalid stipulations of parties as to the meaning or scope of the law itself." (citations omitted)).

Defendants argue plaintiff would not be prejudiced by an additional 30 days of fact discovery. Dkt. 80 at 4. However, plaintiff would be burdened with the cost of attending out-of-state depositions scheduled after the close of fact discovery which it otherwise would not need to incur. *See, e.g.*, *Agrigenetics, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 1:08-CV-802-TWP-TAB, 2010 U.S. Dist. LEXIS 131812, at *3 (S.D. Ind. Dec. 10, 2010) (noting complicated scheduling issues associated with taking out-of-state depositions). Additionally, it is doubtful two out-of-state third-party depositions could be scheduled and completed in 30 days. Thus, this factor weighs slightly against finding excusable neglect.

*b. Length of Delay and Impact on Proceedings*

Although defendants briefly argue that a 30-day extension to complete fact discovery is insignificant, Dkt. 80 at 4, the Court disagrees. Defendants waited a week after fact discovery closed before orally requesting an extension during the March 21, 2019 status hearing. The March 21 status hearing also represents the first time defendants expressed a desire to take the two depositions sought. The time that has passed since fact discovery closed could have been spent either engaging in expert discovery or drafting dispositive motions. Additionally, unnecessary delays tend to have "a cascading effect on the rest of the cases and motions pending in a busy court." *Brown v. Kelly Servs.*, 16 CV 11152, 2018 U.S. Dist. LEXIS 4089, at *8 (N.D. Ill. 2018). And nothing precluded defendants from filing a timely motion for an extension as discussed below. Although the Court has not set the remaining case management deadlines, the motion to modify has delayed the start of expert discovery and drafting dispositive motions. Therefore, this factor weighs against finding excusable neglect.

*c. Reason for Delay*

The movant's reason for the delay is the most important factor when determining excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017). Defendants have given two different reasons for the delay in completing fact discovery.[7] First, at the March 21, 2019 status hearing, defense counsel indicated that information elicited during Gustafson's deposition, which was taken on February 25, 2019, prompted a new desire to take the two depositions sought here. Second, defendants add a new reason in their written motion: that plaintiff's settlement with Hanover removed Hanover's representatives from compulsory process for deposition purposes, that defendants previously sought Hanover's cooperation with deposing those representatives, and Hanover's counsel previously agreed to cooperate, but that on March 14, 2019, Hanover indicated it would not cooperate. Dkt. 80 at 2, 5. However, neither of these reasons justify extending the expired fact discovery deadline.

The first reason given by defendants at the March 21, 2019 status hearing is insufficient. Plaintiff Gustafson's deposition occurred on February 25, 2019, over two weeks before the fact discovery deadline of March 14, 2019. If information elicited from Gustafson's deposition prompted defendants' newfound desire to take two more depositions, defendants had ample time,

---

[7] Shifting justifications are often viewed with a fish eye. *See Applebaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 579 (7th Cir. 2003) (one can reasonably infer pretext from shifting or inconsistent explanations).

4

over two weeks, to file a motion to ask the court's leave to extend the fact discovery deadline to allow them enough time to take the depositions. Defense counsel should have known after Gustafson's deposition that they would need more than two weeks to take two additional out-of-state depositions, and defense counsel identifies no reason why they could not have filed a motion for an extension before the deadline passed. *See Brown*, 2018 U.S. Dist. LEXIS 4089, at *5–6. The intervening period between February 25 and March 14, 2019 was the most opportune time to seek an extension, yet defendants never timely sought an extension or otherwise raised the issue with the Court.

Defendants' second reason is also unavailing. Hanover settled with plaintiff and was removed from this case by stipulation on November 15, 2019, approximately four months before the March 14, 2019 fact discovery deadline. Dkt. 61. Defendants claim they requested and acquired Hanover's cooperation to take the two depositions sometime before the fact discovery deadline, but do not identify when these requests were made. Dkt. 80 at 5. Regardless of when they sought Hanover's cooperation, defendants do not indicate that they took any other action to take the depositions or that they were somehow unaware of the existence of the out-of-state Hanover witnesses at that time.[8] And although Hanover purportedly notified defendants on the fact discovery cutoff date that they would not cooperate in taking the depositions, *id.*, this fact cuts against defendants' attempt to establish excusable neglect. As the March 14, 2019 deadline approached, the likelihood of completing two out-of-state depositions before the fact discovery deadline expired diminished, even assuming Hanover cooperated. At some point, defense counsel should have realized that the depositions could not be completed before the deadline and that they would need to seek leave from the Court for more time.

However, instead of filing a timely motion, defendants waited a week after the fact discovery deadline to mention to the Court or opposing counsel any desire to take these depositions. The Court notes that, assuming Rule 6 applied here, although defendants' given reasons may have supported granting a motion to extend if made before the expiration of the fact discovery deadline, defendants shirked their opportunity to have their request reviewed under the more lenient "good cause" standard of Fed. R. Civ. P. 6(b)(1)(A) by waiting to request leave until a week after the deadline had already passed. *See McCann*, 2015 U.S. Dist. LEXIS 91362, at *6. Defendants have identified no good reason for their delay; therefore, this factor weighs against finding excusable neglect.

### d. Movant's Good Faith

Defendants argue that this factor supports granting the motion because they believe that the desired depositions "will provide necessary, material facts [regarding the reasons Hanover

---

[8] Indeed, Hanover was a defendant from July 2017 until its dismissal from this case in November 2018, and the witnesses defendants seek to depose were disclosed in the summer of 2018. *See* Dkt. 85 Ex. A at 2, Ex. B at 2. Additionally, in the Court's experience with insurance contract claims, the insurance company's claims adjusters and underwriters are generally prime targets of discovery. Defendants would be hard pressed to argue that they were surprised by the existence of these witnesses and that their importance came to light only after Hanover was dismissed from the case or during Gustafson's deposition. Indeed, defendants never explain how or why information obtained in Gustafson's deposition caused the epiphany to take these other depositions.

5

originally denied plaintiff's insurance claim] for their anticipated motion for summary judgment" and "[b]ecause cases should be decided on their merits . . . ." Dkt. 80 at 4. Plaintiff responds that defendants' shifting justifications between the March 21, 2019 status hearing and their instant motion implies bad faith. Plaintiff also points out that defendants waited to begin scheduling any depositions until only one month before the fact discovery deadline. Dkt. 85 at 10. However, there is no indication that defense counsel acted out of ill-will or to cause delay. But there is also no indication of any attempt to take these depositions at an earlier date, to notify the Court or plaintiff's counsel of the desire to take these depositions on or before the March 14, 2019 fact discovery deadline, or to otherwise seek a timely extension.

*   *   *

Thus, if the Court were to apply Rule 6, it would deny defendants' motion to modify. But as mentioned at the outset, Rule 16, rather than Rule 6, applies here. Regardless, defendants fail under either standard.

**II. Rule 16**

Rule 6 is "a gap filler that allows for extensions when other more specific rules do not apply." *McCann,* 11 CV 50125, at *28. And when multiple Federal Rules of Civil Procedure apply to any given circumstance, federal courts should apply the more specific rule. *Id.* at *28–29 (collecting cases and examples).[9] Once a court enters a specific scheduling order with its own deadlines, that schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Id.* at *29; *see also* 3 JAMES WM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.37 [3] (3d ed. 2019) ("[S]cheduling orders may not be modified except on a showing of good cause . . . .") (citing Fed. R. Civ. P. 16(b)(4)). In this case, the Court entered a scheduling order, Dkt. 49, and the motion seeks to modify that scheduling order. Thus, the motion to modify is properly analyzed under the rule that specifically contemplates schedule modification, Rule 16(b)(4).[10] *Johnson v. City of Rockford*, 15 CV 50064–5, 2016 U.S. Dist. LEXIS 182433, at *16 (N.D. Ill. Dec. 27, 2016); *McCann*, 11 CV 50125, at *29.

As with extensions of time under Rule 6(b), the proper method to seek extensions of discovery deadlines under Rule 16(b)(4) is to *timely* file a motion before the deadline passes. *McCann*, 2015 U.S. Dist. LEXIS 91362, at *30. Additionally, Rule 16(b)(4)'s "good cause"

---

[9] As another example, Rule 4(m) requires a plaintiff to serve process on defendants in any civil action within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). If a plaintiff moves after that 90-day deadline for more time to serve process, the plaintiff must meet Rule 4(m)'s "good cause" standard, not Rule 6(b)(1)(B)'s "excusable neglect" standard, because Rule 4(m) specifically addresses service of process. *See United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006); *see also* 1 JAMES WM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.06[4] (3d ed. 2019) ("This more specific provision of Rule 4(m) controls the issue, and a demonstration of excusable neglect is not required.").
[10] The Seventh Circuit's decision in *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016) is distinguishable. There, although the Seventh Circuit applied Rule 6, the parties did not discuss and the Seventh Circuit did not address whether Rule 6 or Rule 16 applied. Therefore, the *Hassebrock* court's reliance on Rule 6 is not controlling. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

6

requirement is a more demanding standard than Rule 6(b)(1)(B)'s "excusable neglect" requirement. *Id.* at *31 (collecting cases).

The primary consideration when making a good-cause determination is the diligence of the party seeking to extend the deadline. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Downing v. Abbott Labs.*, No. 15 CV 05921, 2017 U.S. Dist. LEXIS 168252, at *10 (N.D. Ill. Oct. 11, 2017). The movant bears the burden to establish its diligence under Rule 16. *McCann*, 2015 U.S. Dist. LEXIS 91362, at *33.

Defendants have not shown diligence in seeking this schedule modification. At the status hearing on January 31, 2019, defendants stated their intent to depose three California witnesses and that they would have no issue meeting the March 14, 2019 fact discovery deadline. Defendants otherwise made no mention of their desire to depose any Hanover witnesses to the Court or plaintiff at any point before the March 21, 2019 status conference. Though defendants at some point discussed the desired depositions with Hanover, there is no indication of when these discussions occurred or that defendants took any other action to depose these witnesses.

Additionally, as discussed above, defendants had ample time to file a motion requesting an extension on or before the March 14, 2019 cutoff date, and defendants offer no reason why they were prevented from doing so. Assuming Gustafson's deposition caused defendants' desire to depose the Hanover witnesses, defendants had over two weeks—from February 25, 2019 to March 14, 2019—to ask to extend the fact discovery deadline. And assuming defendants were relying on Hanover's purported cooperation to take the depositions, Hanover was dismissed from this case on November 15, 2018, approximately four months before the March 14 fact discovery deadline. As the deadline approached, it became less feasible and then impossible to timely take two out-of-state depositions, particularly when there is no indication anything was ever done to take the depositions.

Ultimately, defendants requested an extension of time a week after the deadline had passed. Diligent counsel would have brought the apparent need for more time to conduct discovery to the Court's attention before the discovery deadline. This is particularly true in light of the Court's multiple warnings to counsel at the outset of the case and throughout. The Court recognizes the importance of deciding cases on the merits, but defendants were given the opportunity to depose these individuals but failed to do so in a timely manner. Moreover, defendants have presented no evidence that the absence of these individual's deposition testimony would prevent this case from being decided on the merits. Lots of cases are properly decided on the merits without every single possible witness being deposed. Indeed, federal criminal cases, in which liberty is at stake, are nearly always decided without a single deposition. Therefore, because defendants' counsel were not diligent in seeking a fact discovery deadline modification, they have failed to show good cause under Rule 16(b)(4) to justify such a modification.

Because the defendants have failed to show good cause under Rule 16(b)(4), or even excusable neglect under Rule 6, the Court denies their motion to modify. However, defendants

are reminded that nothing precludes them from interviewing third-party witnesses or filing sworn affidavits in lieu of depositions.

## **CONCLUSION**

      For the foregoing reasons, the Court denies defendants' motion to modify [80] and grants plaintiff's motion to quash [81]. A telephonic status is set for July 11, 2019 at 9:00 a.m. The parties should be prepared to discuss expert discovery and dispositive motions.

Date: June 24, 2019                  By: _____
                                                    Iain D. Johnston
                                                    United States Magistrate Judge